IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      **Case No. 11-40047-01/15-RDR**

HENRY CASTRO; URBANO GARCIA;
HERNAN GOMEZ-JIMENEZ; CARLOS
NUNEZ; JORGE M. MUNOZ; ALEXIS
GERARDO MOTA; CHRISTIAN MORENO;
HECTOR MOTA; NOLBERTO MOTA, JR.;
LORENA MONICA ORTIZ; LUISA MOTA-
HERNANDEZ; BRAELUND SILVERSMITH;
CINDY ESCALANTE; EDGAR AMAYA-
MELENDEZ; and FERMIN PEREZ GERARDO,

        Defendants.

## **O R D E R**

This case is before the court upon the government's motion to declare this a complex case, vacate scheduling orders, establish a new scheduling order and set a status conference. There have been several responses filed to this motion. (See Doc. ## 88, 89, 102 and 107). In each response, the defendant indicates that he has no objection to the government's motion.

Upon review, the court shall declare this a complex case. The court shall vacate the scheduling orders issued before this order. The court shall direct that pretrial motions for all defendants be filed by August 31, 2011. Responses to the pretrial motions shall be filed by September 14, 2011. A hearing date for the motions shall be set on September 30, 2011. Counsel are advised that the

court will carefully scrutinize any request to extend these deadlines.

The court shall declare that the extension of time granted in this order shall be considered excludable time for the purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). Under this section of the Speedy Trial Act, the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel, or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

This case involves fifteen defendants, thirteen of whom have appeared before this court and one who has appeared before another

court.  As mentioned in the government's motion, this case is the result of investigations involving more than 50 other defendants. The investigations spanned approximately 19 months and involved multiple wiretap orders and other orders for the collection of electronic information or communication.  There were approximately 30 search warrants executed in connection with these investigations.  The government estimates that the discovery to be disclosed in this case will exceed 50,000 pages and involve hundreds of hours of audio recordings.  Given the number of defendants and the breadth and bulk of the discovery, the court believes this case qualifies as a complex case.

As of this date the discovery has not been shared with all defense counsel.  Yet, the current deadlines for filing pretrial motions are in a matter of days for many defendants.  Under these circumstances, the court believes that a failure to extend the time for filing pretrial motions would result in a miscarriage of justice and prevent counsel for defendants and for the government sufficient time to effectively prepare and to adequately represent their clients given the exercise of due diligence.

The court is unaware of any circumstances which would indicate that the public's safety will be threatened by the extension of time in this case.  The court believes the parties' and the public's interest in a fair, just and efficient resolution of the charges is supported by the extension of time issued in this order.

The court will not grant the government's request for a status conference at this time.

If any party objects to any ruling made in this order, such objection should be filed by July 13, 2011. The court will conduct a hearing upon any objection filed on July 19, 2011. If no objection is filed, the court will not conduct a hearing.

In conclusion, the government's motion is granted in part and denied in part. The scheduling orders in this case are vacated and replaced by the schedule set forth in this order. If any party objects to this order, the objection should be filed according to the deadlines set forth in this order. The extensions of time granted in this order shall be considered excludable time for the purposes of the Speedy Trial Act.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge