```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

                    Plaintiff,
       vs.                              Case No. 11-40047-01-15-RDR

HENRY CASTRO, et al.,

                    Defendants.
_____
```

**O R D E R**

This case is presently before the court upon several motions for continuance or to join in the motions for continuance filed by other defendants.  The court shall also consider the motion to sever filed by defendant Amaya-Melendez and the requests for leave to file additional motions by defendants Ortiz and Silversmith. Having carefully reviewed all of these motions, the court is now prepared to rule.

The indictment charges fifteen defendants in Count One with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846.  The indictment charges three defendants (Castro, Gomez-Jimenez and Munoz) in Count Two with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The indictment was filed on June 1, 2011.

On June 27, 2011, the court declared this a complex case and established certain pretrial deadlines.  At that time, the court found, under the Speedy Trial Act, that the interests of justice

required that the defendants have additional time to file motions. The court determined that pretrial motions should be filed by August 31, 2011. The court noted that the investigation in this case had lasted approximately 19 months and involved multiple wiretap orders and approximately 30 search warrants. The court further noted that the government had estimated that the discovery to be disclosed would exceed 50,000 pages. Counsel were advised that "the court will carefully scrutinize any request to extend [the] deadlines."

In the instant motions, eight defendants [Ortiz, Alexis Geraro Mota, Hector Mota, Silversmith, Perez-Gerardo, Mota-Hernandez, Moreno and Gomez-Jimenez] seek additional time to file pretrial motions. These defendants have indicated that additional time is necessary because they have just received more discovery from the government and more discovery is anticipated in the future. They have also noted the voluminous discovery that has already been provided. Further, at least some of the defendants note another complicating factor is that most of the vast audio recordings in this case are in Spanish. These defendants seek either (1) at least an additional sixty days to file pretrial motions, or (2) a reasonable time to file pretrial motions to be determined by the court. These defendants note that the government has no opposition to this motion.

One defendant, Amaya-Melendez, objects to the requested

continuances. He has filed a response to the motions and a motion to sever. He asserts that he wants to exercise his speedy trial rights and does not wish to delay these proceedings any longer. He requests that the motions for continuance either be denied or that he be severed from his co-defendants. He further suggests that co-counsel could comply with the previous deadline if they exercised "reasonable diligence." The government has responded to defendant Amaya-Melendez' motion to sever. The government asserts that Amaya-Melendez has failed to establish the prejudice necessary to justify a severance. The government argues that a reasonable period of delay as requested by eight co-defendants is not outweighed by his request for a speedy trial.

The court had hoped that the previous deadline set for the filing of pretrial motions would be the final deadline. However, based upon the information provided by most of the attorneys in this case, the court finds it necessary to again extend the deadlines. The court is aware that the government has already provided a vast amount of discovery in this case. The court is further aware that the government has just provided some additional discovery and intends to provide even more discovery in the future. The court believes that the government is acting diligently in providing the necessary materials to the defendants. The court also believes that counsel for the defendants are diligently processing the discovery provided by the government. The court is

persuaded that the complexity of this case requires some additional time. For the reasons previously stated, as well as the additional information provided in the instant motions, the court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendants in a speedy trial. The court is thoroughly persuaded that the discovery recently provided, as well as the indication that additional discovery would be provided in the future, requires that the instant motions for continuance be granted. The failure to grant a continuance would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See United States v. Spring, 80 F.3d 1450, 1457 (10th Cir.) (need for adequate preparation time is a permissible reason for granting a continuance), cert. denied, 519 U.S. 963 (1996). Thus, an additional continuance is necessary for the following reasons: (1) most of the defendants' need for preparation time due to the government's failure to provide all of the discovery; (2) the complexity of the case; and (3) the desirability to try all of the defendants at once.

In reaching this determination, the court has carefully considered the response and motion to sever filed by Amaya-Melendez. The motion to sever raises arguments directed solely at the delay caused by the motions for continuance filed by the co-defendants. Relying on United States v. Theron, 782 F.2d 1510 (10th

Cir. 1986), the defendant contends that severance is required due to the delay caused by the co-defendants. The court shall at this time consider Amaya-Melendez' motion to sever.

The federal system maintains "a preference . . . for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Joint trials promote judicial economy and "serve the interest of justice by avoiding the scandal and inequity of inconsistent trials." Richardson v. Marsh, 481 U.S. 200, 209 (1987). Fed.R.Crim.P. 8(b) and 14 are designed "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 131, n. 6 (1968).

The Speedy Trial Act, 18 U.S.C. § 3161 et seq., serves two important interests: protecting a criminal defendant's constitutional right to a speedy trial and serving the public interest in prompt criminal proceedings. United States v. Thompson, 524 F.3d 1126, 1131 (10th Cir. 2008). "The Act generally requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later." United States v. Williams, 511 F.3d 1044, 1047 (10th Cir. 2007) (citing 18 U.S.C. § 3161(c)(1)). Because "criminal cases vary widely and . . . there are valid reasons for greater delay in particular cases," the Act

offers "flexibility" by including "a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." Zedner v. United States, 547 U.S. 489, 497 (2006).

A key exclusion here concerns the reasonable delay attributable to a co-defendant's proceedings. 18 U.S.C. § 3161 (h)(6). The Act generally treats excludable delays "attributable to one defendant . . . [as] applicable to all co-defendants." United States v. Mobile Materials, Inc., 871 F.2d 902, 915 (10th Cir. 1989), cert. denied, 493 U.S. 1043 (1990). Section 3161(h)(6) excludes "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." The Tenth Circuit has discussed this exclusion in these terms[1]:

> "The obvious purpose behind the exclusion [in § 3161(h)(7)] is to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." United States v. Theron, 782 F.2d 1510, 1514 (10th Cir. 1986). The legislative history of the Act demonstrates that "in the application of the 'reasonableness' standard under section 3161 (h)(7), judicial efficiency in the trial of multiple defendants is to be preferred to an inflexible adherence to the letter of the Speedy Trial Act." Mobile Materials, 871 F.2d at 916 (discussing legislative history); see also United States v. Varella, 692 F.2d 1352, 1359 (11th Cir. 1982)("[Congress] felt that the efficiency and economy of joint trials far outweighed the desirability

---

[1] In Vogl, the Tenth Circuit refers to 18 U.S.C. § 3161(h)(7) as the exclusion for reasonable delay attributable to co-defendant's delay. This exclusion is now at 18 U.S.C. § 3161(h)(6).

>  of granting a severance where the criterion was simply the passage of time.").
>     The question in examining an exclusion under § 3161(h)(7) is whether the delay attributable to the co-defendant is "reasonable." [United States v.] Olivo, 69 F.3d [1057] at 1061 [(10th Cir.1995)]. In making this determination, a court must examine "all relevant circumstances." Theron, 782 F.2d at 1514; see also United States v. Tranakos, 911 F.2d 1422, 1426 (10th Cir.1990). The Tenth Circuit has provided three factors to guide courts in examining the relevant circumstances: (1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to "accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." Olivo, 69 F.3d at 1061-62; see also Tranakos, 911 F.2d at 1426. We have given the following guidance to courts analyzing the third factor: "Where the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred." Tranakos, 911 F.2d at 1426; see also Olivo, 69 F.3d at 1061. This inquiry into the "reasonableness" of the delay attributed to proceedings regarding a co-defendant is heavily factual. Mobile Materials, 871 F.2d at 916.

United States v. Vogl, 374 F.3d 976, 983-984 (10th Cir. 2004).

The question here to consider is whether the delay caused by the co-defendants' continuance motions is "reasonable" under (h)(6). As the above factors reflect, the reasonableness of a delay is a function of the relevant circumstances. United States v. Tranakos, 911 F.2d at 1426.

The defendant has not addressed the various factors noted above. He has relied upon Theron and indicated that his detention should weigh heavily in his favor. In considering all of the factors, the court is not persuaded that the defendant has

demonstrated that the delay to this point requires severance.  The preference for a joint trial has justified some reasonable delay attributable to obtaining and reviewing discovery and researching and preparing motions.  As noted previously, the court has no reason at this time to question the presumed diligence of the government or any party.  Moreover, the court notes that the defendant's own actions will result in some delay in this case.  He has filed nine other pretrial motions, including three motions to suppress.  At this point, the court does not find that the motions for continuance filed by the co-defendants have resulted or will result in unreasonable delay.  In addition, the court is not persuaded at this time that the defendant has met his burden of showing that, without severance, he will suffer clear and actual prejudice.  United States v. Cardall, 885 F.2d 667-68 (10th Cir. 1994).  In sum, the court will deny Amaya-Melendez' motion to sever.  The defendant may raise the issue again in the future if he deems it appropriate.

**IT IS THEREFORE ORDERED** that defendants' motions for continuance (Doc. ## 150, 151, 152, 153, 154, 168, 173 and 185) be hereby granted.  The court shall allow the defendants until October 31, 2011 in which to file pretrial motions.  The government shall file its responses on or before November 21, 2011.  A hearing date for all pretrial motions shall be set on December 9, 2011 at 9:30 a.m.  The period of delay resulting from this extension shall be

excludable under 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that the motions of defendants Ortiz and Silversmith for leave to file additional motions (Doc. ## 195 and 200) be hereby denied as moot.

**IT IS FURTHER ORDERED** that defendant Amaya-Melendez' motion to sever (Doc. # 167) be hereby denied.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2011 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge